IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON N. WITMER, | ) | |
| | ) | |
| Petitioner, | ) | 4:03cv3315 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 70, the Motion for Extension of Time filed by the petitioner, Jason N. Witmer. In filing no. 58, my Memorandum and Order of February 15, 2006, I established a briefing schedule in this habeas corpus action. I directed the parties to file briefs as follows: By March 30, 2006, the petitioner was to file his opening brief, followed by the respondent's brief by April 28, 2006; and then by May 15, 2006, the petitioner had the option to file a reply brief.

The petitioner and the respondent have each filed one brief. However, the respondent sought and obtained an order directing the filing in this action of the petitioner's presentence investigation report ("PSR") by a third party. In filing no. 70, the petitioner requests an extension of time to submit his reply brief until two weeks after he receives his copy of the PSR.

The petitioner's Motion for Extension of Time is granted in part and denied in part as follows. In the Respondent's Brief (filing no. 66), the respondent explains why he asked to include the petitioner's PSR in the record of this case. At page 3 of his Brief, the respondent states, in pertinent part:

> The undersigned counsel does not typically include the presentence investigation report with records filed in response to § 2254 petitions, but after comparing the claims in the Petitioner's brief with his statements in the presentence investigation report (regarding ineffective assistance of counsel and his "mere presence" defense), believes that the report is particularly relevant to his claims.

At page 16 of his Brief, the respondent states, in pertinent part:

>However, as discussed above, trial counsel not only knew that Barnes's statements were not true, but he also knew that they were not exculpatory, and that they in fact contradicted admissions obtained from the Petitioner himself which were included in the presentence investigation report and letters which the Petitioner wrote to the district court.
>
>At page 25 of his Brief, the respondent states, in pertinent part:
>
>Both the district court's and trial counsel's comments on the use of weapons in these offenses reflected the Petitioner's own admissions. For example, the presentence investigation report includes his statements that "There was a gun . . . a semiautomatic we were going to whoop him so we were going to try doing it. Well we needed a gun. We checked the chambers and there was nothing in there. We was holding on to the gun so he could see it. If he didn't give us the money he was going to get whooped." (PSI, p. 22) He also stated that "I think I got the gun because we assumed there was going to be a fight and it wasn't going to be a fair one" (PSI, p. 172), and "I gave the gun over to the other person when he said he'll get rid of it." (PSI, p. 176) It is also noteworthy, and undoubtedly considered by the district court, that the Petitioner's prior convictions included weapon offenses, attempted possession of a short shotgun, as well as second degree assault with the use of a weapon to commit a felony. (Presentence Investigation Report, pp. 6-7)

It is clear from those references to the PSR that the respondent believes the PSR contains statements by the petitioner which contradict or are inconsistent with arguments or statements the petitioner presently makes in this habeas case. With that information, it is my view that the petitioner can prepare his Reply brief on schedule, at least with a short extension. Then, when he receives the PSR, if he feels he must file a short supplement to his Reply Brief based on material in the PSR, he may file a motion for leave to do so, as long as he files such a motion promptly upon receipt of the PSR. In the meantime, the respondent shall inform the court of the approximate date the PSR is expected to be filed with the court and served on the petitioner.

THEREFORE, IT IS ORDERED:

1. That filing no. 70, the petitioner's Motion for Extension of Time, is granted in part and denied in part;

2. That the petitioner's Reply Brief is due by May 31, 2006 instead of May 15, 2006, as previously ordered;

3. That by May 18, 2006, the respondent shall notify the court in writing of the

2

approximate date the petitioner's Presentence Investigation Report will be filed with the court and served on the petitioner; and

    4.    That promptly upon receipt of his copy of the PSR, if the petitioner feels he must file a short supplement to his Reply Brief based on material in the PSR, he may file a motion for leave to file such a supplement.

    May 10, 2006.        BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge