IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON N. WITMER, | ) | |
| | ) | |
| Petitioner, | ) | 4:03cv3315 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (appeal) |
| HAROLD W. CLARKE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 47, the "Notice of Appeal" filed by the petitioner, Jason N. Witmer. The petitioner, an inmate in the custody of the Nebraska Department of Correctional Services, has not paid the appellate filing fee or moved to proceed in forma pauperis ("IFP") on appeal. Also before the court is filing no. 48, a Memorandum from the Clerk of Court inquiring whether the petitioner will be proceeding IFP on appeal.

28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Fed. R. App. P. 24(a)(3).[1] The petitioner seeks to appeal an interlocutory order (filing no. 46), denying his motion for leave to file a third amended petition for writ of habeas corpus. Having

---

[1] Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis ....
(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

1

considered the record in this action, I certify that this appeal is frivolous and is not taken in good faith.[2]

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

Finally, the order appealed from is not a "final order" in a case filed pursuant to 28 U.S.C. § 2254. Therefore, pursuant to 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a Certificate of Appealability ("COA") is not required. If a COA were required, however, it would be denied, as the petitioner has not made a substantial showing of the denial of a constitutional right.

THEREFORE, IT IS ORDERED:

1.  That leave to proceed in forma pauperis on appeal is denied;

---

[2]See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

      2.      That a certificate of appealability is not applicable, or, if applicable, is denied; and

      3.      That, pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as notice that the petitioner has been denied in forma pauperis status on appeal, and that his appeal has been determined not to be in good faith.

January 4, 2007.                BY THE COURT:

                                        s/ *RICHARD G. KOPF*
                                        United States District Judge